UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WYCIHOWSKI,

               Plaintiff,                                       Hon. Ellen S. Carmody

v.                                                       Case No. 1:15-cv-1233

CLARIANT MEDICAL PLAN, et al.,

               Defendants.

_____/

**OPINION**

This matter is before the Court on Defendant Clariant Medical Plan's Motion for Summary Judgment, (ECF No. 41), Plaintiff's Motion for Summary Judgment, (ECF No. 43), and Defendant State Farm's Motion for Summary Judgment, (ECF No. 47).

On June 13, 2016, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. (ECF No. 30). For the reasons discussed herein, Defendant Clariant Medical Plan's Motion for Summary Judgment, (ECF No. 41), is **granted**; Plaintiff's Motion for Summary Judgment, (ECF No. 43), is **granted**; and Defendant State Farm's Motion for Summary Judgment, (ECF No. 47), is **denied**.

**BACKGROUND**

In September 2014, Plaintiff Mark Wycihowski was severely injured after he was struck by a truck. As of the date of this accident, Plaintiff was a participant in a medical plan sponsored by the Clariant Corporation (the Clariant Medical Plan). Plaintiff was also covered by

a no-fault insurance policy issued by State Farm.  As a result of this accident, Plaintiff incurred medical expenses in the amount of several hundred thousand dollars all of which were paid by Defendant Clariant Medical Plan.  Plaintiff later initiated a tort claim against the driver responsible for his injuries which settled for one million dollars.  Clariant placed a lien on this award claiming that it is entitled to reimbursement of the amounts it paid for Plaintiff's medical treatment.  As part of the aforementioned settlement agreement, Plaintiff placed in escrow $450,000.00.

Plaintiff initiated the present declaratory action seeking: (1) a determination of priority of coverage vis-a-vis Defendant Clariant Medical Plan and Defendant State Farm; (2) a declaration that Clariant is not entitled to reimbursement of the amounts expended for Plaintiff's medical care; and (3) a declaration that, in the event Clariant is entitled to reimbursement, State Farm is required to, in turn, reimburse Plaintiff.  Defendant Clariant Medical Plan has asserted against Plaintiff a counterclaim for reimbursement of the amounts it has paid for Plaintiff's medical care.  The parties have now each filed motions for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by

admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility considerations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has

the burden, the plaintiff on a claim for relief or the defendant on an affirmative defense, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I.          Defendant/Counter-Claimant Clariant's Motion for Summary Judgment

A.      Plaintiff's Primary Insurer

At the outset, the Court must first address whether Clariant or State Farm was primarily responsible to make payment for Wycihowski's medical expenses.  Clariant asserts that it was primarily responsible for payment of Plaintiff's medical expenses.  (ECF No. 42-1 at PageID.236).  This assertion is consistent with the Clariant Plan as well as Plaintiff's State Farm policy.  (ECF No. 42-2 at PageID.239-79; ECF No. 42-3 at PageID.281-326).  Moreover, neither Plaintiff nor State Farm challenges the assertion by Clariant that it was Plaintiff's primary insurer in this matter.  Accordingly, the Court finds that Clariant was primarily responsible for payment of Plaintiff's medical expenses incurred as a result of the aforementioned accident.

B.    ERISA Preemption

Clariant's reimbursement claim is asserted pursuant to 29 U.S.C. § 1132(a)(3) which authorizes participants, beneficiaries, or fiduciaries to initiate civil actions to enforce an ERISA plan. The parties do not dispute that the health plan pursuant to which Clariant paid Plaintiff's medical bills is a plan governed by the Employee Retirement Income Security Act of 1974 (ERISA).

Federal law provides that ERISA "shall supercede any and all State laws" that "relate to any employee benefit plan." 29 U.S.C. § 1144(a).  ERISA contains another provision, however, which saves from preemption "any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A); *see also, Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 333 (2003).  This provision is known as the ERISA "saving clause." *Miller*, 538 U.S. at 333.  The saving clause must be considered in conjunction with the "deemer clause" which provides that a self-funded ERISA plan, as opposed to a plan which provides coverage through the purchase of insurance (i.e., an insured plan), is exempt from state laws which regulate insurance.  *See FMC Corp. v. Holliday*, 498 U.S. 52, 60-61 (1990) (citing 29 U.S.C. § 1144(b)(2)(B).  Clariant asserts that the plan in question is a self-funded plan, an assertion which no party disputes.  Thus, the Clariant Medical Plan is not subject to Michigan laws regulating insurance, but is instead governed by federal law.  Pursuant to federal law, unambiguous plan provisions must be given effect "according to their plain meaning." *Adams v. Anheuser-Busch Co., Inc.*, 758 F.3d 743, 747 (6th Cir. 2014).  Undefined or ambiguous plan provisions are to be interpreted "according to their plain meaning in an ordinary and popular sense." *Id.* at 748.

C.       Clariant Plan's Provisions

The Clariant Plan contains a Subrogation/Right of Reimbursement provision which

provides the following:

> In the event benefits are provided to or on behalf of you (or a covered dependent) under the terms of this Plan, you agree, as a condition of receiving benefits under the Plan, to transfer to the Plan all rights to recover damages in full for such benefits when the injury or illness occurs through the act or omission of another person, firm, corporation, organization, or business entity.   The Plan shall be subrogated, at its expense, to your rights of recovery against any such liable third party.

> *If, however, you receive a settlement, judgment, or other payment relating to the injury or illness from another person, firm, corporation, organization or business entity for the injury or illness, you agree to reimburse the Plan in full, and in first priority, for benefits paid by the Plan relating to the injury or illness. The Plan's right of recovery applies regardless of whether the recovery, or a portion thereof, is specifically designated as payment for, but not limited to, medical benefits, pain and suffering, lost wages, other specified damages, or whether you have been made whole or fully compensated for your injuries.*

> The Plan's right of full recovery may be from the third party, any liability or other insurance covering the third party, your own uninsured motorist insurance, underinsured motorist insurance, any medical payments (Med-Pay), no fault, personal injury protection, malpractice, or any other insurance coverages which are paid or payable.

> The Plan will not pay attorney's fees, costs, or other expenses associated with a claim or lawsuit without the expressed written authorization of the Plan.

> You will not do anything to hinder the Plan's right of subrogation and/or reimbursement.  You will cooperate with the Plan, execute all documents, and do all things necessary to protect and secure the Plan's right of subrogation and/or reimbursement, including asserting a claim or lawsuit against the third party or any insurance coverages to which you may be entitled.  The Plan may withhold benefits due to you under the contract until such time as you execute and deliver

-6-

> all documents, provide all requested information, and do all things
> necessary to protect and secure the Plan's right of subrogation and/or
> reimbursement.  Failure to reimburse the Plan as required will entitle
> the Plan to deny future benefit payments for you and your dependents
> under this Plan until the subrogation/reimbursement amount has been
> paid in full.

(ECF No. 42-2 at PageID.276-77) (emphasis added).

It is undisputed that Plaintiff received a "settlement, judgment, or other payment" resulting from the accident in question.  The italicized language above clearly and unambiguously obligates Plaintiff to reimburse to Clariant the amounts paid by Clariant for Plaintiff's medical care following his accident.  *See, e.g., Glover v. Nationwide Mut. Fire Ins. Co.*, 676 F.Supp.2d 602, 609-15 (W.D. Mich. 2009) (self-funded ERISA plan entitled to enforce unambiguous right of reimbursement).

Plaintiff advances two arguments in response, neither of which is persuasive.  First, Plaintiff "contends that Clariant is not entitled to reimbursement from his third party recovery for essentially the same reasons as were raised by the plaintiff in *Glover* (although the Clariant Plan appears to only contain one reimbursement provision such that Mr. Wycihowski lacks the second, factual argument the plaintiff in *Glover* raised)."  (ECF No. 46 at PageID.393).  The facts in *Glover* were described thusly:

> This is a declaratory judgment action brought by Brian Glover on
> behalf of his daughter Morgan Glover, a minor.  Morgan was
> seriously injured in a motor vehicle accident occurring in Muskegon
> County on November 22, 2007.  At the time of the accident, her
> father was a participant in the CBI Holdings, Inc. Health and Welfare
> Plan, a medical benefits plan maintained by Mr. Glover's employer.
> Morgan qualifies for benefits under the Plan as a dependent.  At the
> same time, the Glover family was covered for personal protection
> insurance (PIP) benefits under a policy of no-fault auto insurance
> written by defendant Nationwide Mutual Fire Insurance Company.
> The Plan has paid over $59,000.00 for Morgan's hospital and other

-7-

> medical expenses.   It has asserted a contractual right of
> reimbursement against Brian Glover to recover these expenses from
> a proposed settlement for Morgan's claims for pain and suffering and
> other non-economic loss, offered by the insurance company covering
> the driver who caused the accident.

*Glover*, 676 F.Supp.2d at 605.

As Plaintiff concedes, the facts in *Glover* are, for all practical purposes, identical to those in the present action.  The *Glover* court found that the Plan, a self-funded ERISA plan, was entitled to reimbursement based on the unambiguous language of the relevant contract.  *Id.* at 609-15.  As discussed above, this Court reaches the same conclusion for the same general reasons articulated by the *Glover* court.  Plaintiff has neither identified nor articulated any error or deficiency in the *Glover* court's analysis.  Instead, Plaintiff simply requests that this Court reach a different outcome despite clear and unambiguous legal authority compelling an identical outcome based on indistinguishable facts.  This argument is, therefore, rejected.

Plaintiff next argues that Clariant is not entitled to relief because it has "failed to provide Plaintiff or this Court with a copy of the actual plan documents for the Clariant Plan." (ECF No. 46 at PageID.396).  In support of its motion for summary judgment, Clariant submitted a copy of the "Clariant Corporation Medical Benefits Summary Plan Description." (ECF No. 42-2 at PageID.239-79).  Plaintiff suggests that he was covered under Plan documents that somehow, in ways Plaintiff has failed to articulate, differ from the aforementioned Summary Plan Description (SPD) submitted.  Clariant has submitted an affidavit executed by Christopher Barnard, Head of Legal North America & Regional Compliance Officer for Clariant Corporation.  (ECF No. 52-1 at PageID.474).  Barnard asserts, in relevant part, that:

> There is no document other that the SPD that establishes the
> provisions of the Plan vis-a-vis the participants in the Plan.  The SPD

-8-

is the only document that sets forth the provisions of the Plan and is the only document pertaining to the Plan that is provided to the participants in the Plan.

(ECF No. 52-1 at PageID.474).

Plaintiff, in response, has failed to produce any evidence to the contrary or otherwise demonstrate the existence of a genuine factual dispute on this issue. Accordingly, this argument is rejected. In conclusion, for the reasons articulated herein, Plaintiff must reimburse Clariant for the amounts it has expended for Plaintiff's medical care arising from the accident in question, but no more than the amount Plaintiff received in the aforementioned settlement. Defendant/Counter-Claimant Clariant Medical Plan's motion for summary judgment is, therefore, granted.

## II.     Plaintiff and Defendant State Farm's Motions for Summary Judgment

Having concluded that Clariant is entitled to reimbursement of the amounts it paid on Plaintiff's behalf, the question becomes whether Plaintiff is entitled to reimbursement from State Farm of such amounts. Plaintiff and State Farm have both moved for summary judgment on this question. For the reasons discussed below, the Court finds that Plaintiff is, in fact, entitled to reimbursement from State Farm.

Under Michigan's no-fault insurance scheme, motor vehicle insurers must pay personal protection benefits, including all reasonable medical expenses, for bodily injury arising from the ownership or use of a motor vehicle. *See* Mich. Comp. Laws §§ 500.3101, 500.3105, 500.3107; *Horrell v. CEC Entertainment, Inc.*, 2011 WL 4954031 at *4 (W.D. Mich., Oct. 18, 2011). Michigan law contains certain exceptions to this requirement, one of which is where an insured's no-fault and health insurance policies both contain coordination of benefits provisions.

-9-

*See* Mich. Comp Laws 500.3109a ("[a]n insurer providing personal protection insurance benefits under this chapter may offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured").

With respect to Personal Protection Benefits, Plaintiff's policy with State Farm provides, in relevant part, that:

> If benefits are shown as "Coordinated", after making any reductions [for amounts required to be paid under state or federal law], any remaining amount will be further reduced for you or any resident relative by any amount paid or payable to that person under any:
>
> a.    vehicle or premises insurance;
>
> b.    individual, blanket or group accident or disability insurance; or
>
> c.    medical or surgical reimbursement plan.

(ECF No. 42-3 at PageID.300).

In other words, if Plaintiff's personal protection benefits (e.g., medical bills) are paid by another insurance plan, State Farm is only responsible for payment of those amounts not covered by the other insurance. As discussed above, Plaintiff's insurance coverage vis-a-vis Clariant and State Farm was coordinated and Clariant was primarily responsible for payment of Plaintiff's medical bills. While Clariant paid Plaintiff's medical bills, it is, as discussed above, entitled to reimbursement of the amounts it expended on Plaintiff's behalf. The question presented by the parties' competing motions, therefore, is whether Clariant can be said to have "paid" Plaintiff's medical bills. If this question is answered in the affirmative, then State Farm is not obligated to reimburse Plaintiff because the contract language above diminishes State Farm's obligation to the extent personal protection benefits were paid by other insurance. On the other hand, if this question is answered in the negative, State Farm is required to reimburse Plaintiff because State Farm must

-10-

comply with Michigan law requiring motor vehicle insurers to pay personal protection benefits, including all reasonable medical expenses.

The parties agree that resolution of this question is a matter of Michigan law. In that respect, the Court must "apply the law it believes that the Supreme Court of Michigan would apply." *Shields v. Government Employees Hosp. Ass'n, Inc.*, 450 F.3d 643, 649 (6th Cir. 2006), overruled on other grounds by *Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009). The Court can rely on "analogous cases and relevant dicta in the decisional law of the State's highest court," but the Court "is not bound by state appellate court decisions that conflict with decisions of the highest court of the State." *Shields*, 450 F.3d at 649. It almost goes without saying that the Court is likewise bound by decisions of the Sixth Circuit, especially when that court, as it did in *Shields*, addresses the very issue presently before the Court.

In *Shields*, the plaintiff, Stephanie Shields, was severely injured in an automobile accident. *Shields*, 450 F.3d at 645. Shields' medical bills were paid by her mother's employer-provided health insurance, GEHA, which later requested reimbursement after Shields recovered damages in a related tort action. In response, Shields requested that her mother's automobile insurance provider, State Farm, reimburse her for the amounts GEHA was seeking. State Farm refused, arguing that pursuant to the relevant coordination of benefits provision, State Farm was not obligated to provide benefits or payment to Shields for benefits provided or amounts paid by another insurer. *Id.*

Shields then filed an action in federal court against GEHA and State Farm seeking clarification of the parties' respective obligations. *Id.* at 645-46. The district court held that Shields was obligated to reimburse GEHA, but that State Farm was obligated to reimburse Shields for such

-11-

amounts. *Id.* at 646. The district court concluded that "GEHA's initial payments were not 'amounts paid' within the meaning of State Farm's policy because [Shields] was required to reimburse GEHA." In reaching this conclusion, the district court relied on the decision by the Michigan Supreme Court in *Sibley v. Detroit Automotive Inter-Insurance Exchange*, 427 N.W.2d 528 (Mich. 1988), which held that where an insured received benefits which he was later required to repay from the proceeds of a tort recovery for pain and suffering, such benefits were not "paid" and, therefore, cannot be deducted from the amounts owed to the insured by his no-fault carrier. State Farm appealed the matter to the Sixth Circuit arguing that the district court should have instead relied on a decision by the Michigan Court of Appeals, *Dunn v. Detroit Automotive Inter-Insurance Exchange*, 657 N.W.2d 153 (Mich. Ct. App. 2002).

As the Sixth Circuit realized, the analysis turned on whether it could be said that the amounts expended by GEHA on Shield's behalf constituted "amounts paid" in light of the fact that Shields was later obligated to reimburse GEHA for such. *Shields*, 450 F.3d at 646. The Sixth Circuit, after analyzing in detail the Michigan No-Fault Insurance Act (MNFIA) and the *Sibley* and *Dunn* decisions, affirmed the district court's decision. *Id.* at 646-51. The Sixth Circuit expressly found that *Sibley* answered the question presented by State Farm's appeal:

> The instant case is materially indistinguishable from *Sibley*. In this case, the insured received payment to cover medical expenses, that pursuant to federal law, she is required to repay from the proceeds of her tort recovery for pain and suffering damages. Because federal law preempts state law, Michigan cannot stop GEHA from requiring reimbursement. Consequently, here, as in *Sibley*, the insured is being forced to pay her own medical expenses out of her tort damages for pain and suffering. This contravenes the expressed intent of the Michigan legislature as embodied in MNFIA, which requires all car owners to maintain insurance coverage for medical expenses and prohibits no-fault insurers from seeking reimbursement from tort settlements. Furthermore, the Michigan legislature mandated

> coordinated benefits plans to avoid duplicative coverage, not to deny insured persons coverage altogether. Here the coverage is not duplicative because Plaintiff's tort damages are for pain and suffering and State Farm is covering Plaintiff's medical expenses. Thus, the fact that the State Farm Policy is coordinated with GEHA's policy is irrelevant. The insured maintains an insurance policy for medical expenses and should not be required to pay her medical expenses without help from her insurance carrier.

*Id.* at 648.

As the court concluded, "[t]he *Sibley* court concluded that an amount was not 'provided' if it had to be repaid." *Id.* at 650. Thus, State Farm was obligated to reimburse Shields for the amounts she was obligated to repay to GEHA. *Id.* at 651. As the Honorable Joseph G. Scoville has recognized, this Court is bound by the Sixth Circuit's decision in *Shields* which squarely answers the question presently before this Court. *See Glover*, 676 F.Supp.2d at 618. Moreover, even were the Court not obligated to follow *Shields*, the Court would reach the identical outcome for the reasons persuasively articulated by the *Shields* court.[1] Accordingly, the Court finds that pursuant to the terms of the relevant insurance policy, State Farm is obligated to reimburse Plaintiff for any amounts that Plaintiff is obligated to reimburse to Clariant for payment of medical bills or other benefits. Plaintiff's motion for summary judgment is, therefore, granted and State Farm's motion for summary judgment is denied.

---

[1] As for the *Dunn* decision, the Sixth Circuit, finding that *Dunn* was both wrongly decided and conflicted with *Sibley*, concluded that *Dunn* was neither binding nor persuasive authority. *Id.* at 649-50. The Court notes that even the Michigan Court of Appeals has indicated its disapproval of the *Dunn* decision. *See, e.g., Hill v. Citizens Ins. Co. of America*, 2012 WL 4512571 at *7-10 (Mich. Ct. App., Oct. 2, 2012) (recognizing that it was obligated under Michigan law and court rule to follow *Dunn*, the court nevertheless indicated that "we find that the sixth circuit court of appeals's decision in *Shields* is convincing" and "encourage[d] the Michigan Supreme Court to evaluate the issue in this case if plaintiff files leave to appeal").

III.        **Attorney Fees**

Federal law provides that in an action to enforce an ERISA plan, the Court "in its discretion may allow a reasonable attorney's fee and costs of action to either party" 29 U.S.C. § 1132(g). Plaintiff and Defendant Clariant both move for an award of attorney fees pursuant to this provision. For the reasons discussed below, the Court concludes that Clariant and Plaintiff are both entitled to an award of fees and costs.

Section 1132(g) "gives district courts more leeway to shift fees than the American Rule, the common-law principle that allows fee awards only in rare cases." *McClure v. United Parcel Service Flexible Benefits Plan*, 191 F.Supp.3d 721, 724-25 (W.D. Mich. 2016). When considering whether an award of fees and costs under ERISA is appropriate, the Court should consider the following factors, none of which is dispositive: (1) the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees and costs; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Id.* at 725 (citing *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 445 (6th Cir. 2006).

A.        Clariant is Entitled to an Award of Fees and Costs from Plaintiff

While there is no evidence that Plaintiff has acted with bad faith, Plaintiff, as previously noted, all but conceded that Clariant was entitled to reimbursement of the amounts it expended on his behalf. The Court recognizes that Plaintiff's refusal to reimburse Clariant was a function of State Farm's refusal to satisfy its contractual obligations. Nevertheless, the Court finds

-14-

that it is not appropriate for Clariant to incur fees and costs to enforce a clear contractual duty by Plaintiff simply because a third-party refused to satisfy its contractual duties.  Given Plaintiff's previous settlement, as well as the Court's rulings herein, there is no reason to believe that Plaintiff cannot satisfy a reasonable request for attorney fees and costs by Clariant.  Accordingly, Clariant's request for fees and costs is granted.  No later than fourteen (14) days from the date of this Opinion and Order, Clariant shall submit evidence articulating the amount in fees and costs to which it is reasonably entitled.

B.      Plaintiff is Entitled to an Award of Fees and Costs from State Farm

Consideration of the aforementioned factors all weigh in favor of imposing on State Farm the obligation to pay Plaintiff's fees and costs in this matter.  As discussed herein, this Court is obligated to follow the Sixth Circuit's decision in *Shields*.  State Farm, rather than articulate any grounds for distinguishing *Shields* or otherwise minimizing its impact or application in this matter, instead essentially attempted to re-litigate *Shields* expecting this Court to reach a different conclusion than the Sixth Circuit.  This argument is both without merit and evidences a lack of good faith.  The Court likewise finds that an award of fees and costs is appropriate to deter State Farm and other similarly situated insurers or entities from adopting similar litigation strategies in the future. Finally, State Farm concedes that it is able to pay an award of fees and costs in this matter. Accordingly, Plaintiff's request for fees and costs is granted.  No later than fourteen (14) days from the date of this Opinion and Order, Plaintiff shall submit evidence articulating the amount in fees and costs to which it is reasonably entitled.

An Order consistent with this Opinion will enter.


Date:  March 28, 2017                                   /s/ Ellen S. Carmody
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge